UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
JOAQUIN MARTINEZ, on behalf of himself and others  :
similarly situated,                                :
                                                   :
                                                   :     REPORT &
                              Plaintiff,           :     RECOMMENDATION
                                                   :     19-CV-4526 (CBA) (SMG)
         -against-                                 :
                                                   :
NEW 168 SUPERMARKET LLC, DAVID ZHENG,              :
and CHANG LING,                                    :
                                                   :
                                                   :
                              Defendants.          :
--------------------------------------------------------------------x
GOLD, STEVEN M., U.S. Magistrate Judge:

## INTRODUCTION

Plaintiff Joaquin Martinez brings this action pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against defendants New 168 Supermarket LLC ("New 168 Supermarket"), David Zheng, and Chang Ling, seeking unpaid minimum and overtime wages, spread-of-hours pay, statutory damages, liquidated damages, pre- and post-judgment interest, and attorney's fees.  Compl., Dkt. 1.

Upon plaintiff's application and in light of defendants' failure to appear in or otherwise defend this action, the Clerk of the Court noted defendants' default.  Certificate of Default, Dkt. 10.  Plaintiff then moved for default judgment against defendants.  Not. of Mot. for Default J., Dkt. 12.  The Honorable Carol Bagley Amon referred plaintiff's motion to me for report and recommendation.  Order dated Feb. 26, 2020.

## BACKGROUND

New 168 Supermarket is a limited liability company that owns and operates a retail grocery and fish market located at 5722 Eighth Avenue, Brooklyn, New York 11220.  Compl. ¶¶

6–7.  David Zheng is a member and principal and Chang Ling is the manager of New 168 Supermarket.  *Id.* ¶¶ 8–9.  Between July 10, 2018, and July 8, 2019, plaintiff was employed "as a non-exempt laborer at the Market, where his responsibilities included filleting and cleaning seafood, stocking the merchandise, and cleaning."  Compl. ¶¶ 22, 24; Decl. of Joaquin Martinez ("Martinez Decl.") ¶¶ 5, 7; Dkt. 13.  Throughout his employment, plaintiff worked 6 days per week, for 12.5 hours per day, for a total of 75 hours per week.  Compl. ¶ 26; Martinez Decl. ¶ 10.  Plaintiff, who was not required to track his hours with a time-recording device, was paid a fixed salary of $650 in cash per week.  Compl. ¶¶ 27–28; Martinez Decl. ¶¶ 11–12.  Defendants did not provide plaintiff with a written wage notice or wage statements at any point during his employment.  Compl. ¶¶ 23, 29; Martinez Decl. ¶¶ 6, 13.

## DISCUSSION

### I.    Liability

Once the Clerk enters a defendant's default, the defendant is deemed to have admitted the well-pleaded allegations in the complaint pertaining to liability.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992).  "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law."  *Labarbera v. ASTC Labs. Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotation marks and citation omitted); *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

#### A.  FLSA

"The FLSA governs minimum wages, maximum hours, and other policies and practices affecting employees and employers."  *Thompson v. Hyun Suk Park*, 2019 WL 1299194, at *2

(E.D.N.Y. Mar. 5, 2019), *report and recommendation adopted*, 2019 WL 1298563 (E.D.N.Y. Mar. 20, 2019); *see Sandifer v. U.S. Steel Corp.*, 571 U.S. 220, 224 (2014). To demonstrate entitlement to wage and overtime protections under the FLSA, a plaintiff must show that (1) an employer-employee relationship exists and (2) the employment falls under the FLSA's individual or enterprise coverage provisions. *See Baizan Guerrero v. 79th St. Gourmet & Deli Inc.*, 2019 WL 4889591, at *4 (E.D.N.Y. Sept. 10, 2019), *report and recommendation adopted*, 2019 WL 4887914 (E.D.N.Y. Oct. 3, 2019); *see also* 29 U.S.C. § 206(a)(1) (providing for minimum wages for qualifying employees); *id.* § 207(a)(1) (providing for overtime wages for qualifying employees).

        i.    Whether Defendants were Plaintiff's Employers under the FLSA

The FLSA broadly defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and a "person" as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons," *id.* § 203(a). The FLSA further defines the term "employee" as "any individual employed by an employer." *Id.* § 203(e)(1). "Because the statute defines employer in such broad terms, it offers little guidance on whether a given individual is or is not an employer." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). To determine whether a party qualifies as an "employer" under the FLSA, "the overarching concern" that courts consider is "whether the alleged employer possessed the power to control the workers in question, . . . with an eye to the 'economic reality' presented by the facts of each case." *Id.* (quoting *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961)) (internal citation omitted); *see Baizan Guerrero*, 2019 WL 4889591, at *4. When examining the "economic reality" of a particular situation, the following factors are relevant: "whether the alleged employer (1) had the

3

power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Herman*, 172 F.3d at 139 (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)).  No one factor is dispositive.  *See id.*

      Here, plaintiff alleges that New 168 Supermarket owned and operated the retail grocery and fish market where he worked.  Compl. ¶ 7.  Moreover, plaintiff alleges that individual defendants David Zheng and Chang Ling had the power to hire and fire employees, *see* Compl. ¶¶ 19–21, and "supervised [plaintiff's] work, set [his] rate of pay and work schedule, directed [his] work as far as the tasks [he] was required to perform, provided [him] with the materials needed to perform [his] work, and paid [his] salary." Martinez Decl. ¶ 18; *see* Compl. ¶¶ 8–10, 18–21.  Plaintiff does not allege that the individual defendants maintained employment records; however, he does allege that they "failed to make, keep[,] and preserve records with respect to each of [their] employees sufficient to determine the wages, hours[,] and other conditions and practices of employment in violation of the FLSA."  Compl. ¶ 53.  As the other factors are clearly satisfied by plaintiff's allegations, I find that defendants meet the definition of an employer under the FLSA and respectfully recommend that each of them be held jointly and severally liable for any judgment entered in this case.  *See* 29 C.F.R. § 791.2; *see also Sarmiento Perez v. Comhar Grp. LLC*, 2020 WL 1364908, at *4 (E.D.N.Y. Mar. 6, 2020), *report and recommendation adopted*, 2020 WL 1332200 (E.D.N.Y. Mar. 23, 2020); *Rodriguez v. Solares Corp.*, 2018 WL 7252949, at *4 (E.D.N.Y. Aug. 14, 2018), *report and recommendation adopted*, 2019 WL 486883 (E.D.N.Y. Feb. 7, 2019).

### ii. Whether Plaintiff's Employment was Covered by the FLSA

The FLSA's minimum wage and overtime provisions apply only to those "employees (1) who are *personally* 'engaged in [interstate] commerce or in the production of goods for [interstate] commerce' (so-called 'individual coverage'), or (2) who are 'employed in an *enterprise* engaged in [interstate] commerce or in the production of goods for [interstate] commerce' (so-called 'enterprise coverage')." *Shim v. Millennium Grp.*, 2009 WL 211367, at *2 (E.D.N.Y. Jan. 28, 2009) (quoting 29 U.S.C. §§ 206(a), 207(a)); *see Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 96 (2d Cir. 2009) (per curiam). As relevant here, to properly plead enterprise coverage, a plaintiff must demonstrate that his employer has "annual gross volume of sales made or business done [of] not less than $500,000" and has two or more employees regularly and recurrently engaged in commerce or the production of commerce, including the "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce[.]" 29 U.S.C. § 203(s)(1)(A)(i)–(ii); *see* 29 C.F.R. § 779.238.

Here, plaintiff alleges that New 168 Supermarket

> was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had annual gross volume of sales of not less than $500,000.

Compl. ¶ 11; *see id.* ¶¶ 43, 45. Although courts have questioned whether complaints that merely repeat the language of a statute without alleging supporting facts properly plead a cause of action, *see, e.g.*, *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 85 (E.D.N.Y. 2012), other courts have held allegations similar to those made here with respect to enterprise coverage to be sufficient when it was otherwise "reasonable to infer that the myriad goods necessary to operate"

5

the enterprise and that generates "over $500,000.00 in annual sales d[id] not exclusively come from New York State." *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 33 (E.D.N.Y. 2015); *see Huerta v. Victoria Bakery*, 2012 WL 1107655, at *2 (E.D.N.Y. Mar. 30, 2012).

Accordingly, because it is logical to infer that at least some of a grocery store's "products and produce would have originated outside of New York," I find that plaintiff has "provided an adequate factual basis for inferring that [d]efendants had 'employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and, therefore were an enterprise engaged in [interstate] commerce under the FLSA." *Cardoza v. Mango King Farmers Mkt. Corp.*, 2015 WL 5561033, at *4 (E.D.N.Y. Sept. 1, 2015), *report and recommendation adopted*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015); *see Kliger v. Liberty Saverite Supermarket Inc.*, 2018 WL 4782342, at *3 (E.D.N.Y. Sept. 17, 2018), *report and recommendation adopted as modified*, 2018 WL 4783964 (E.D.N.Y. Oct. 3, 2018).

B.  NYLL

Similar to the FLSA, the NYLL covers certain activities or practices affecting employers and employees.  The NYLL defines an employer as "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business[,] or service."  N.Y. Lab. Law § 190(3).  An employee is defined as "any person employed for hire by an employer in any employment." *Id.* § 190(2).  Because these definitions are similar to the FLSA's definitions, "courts use the same tests to determine joint employment under both the NYLL and the FLSA." *Khan v. Nyrene, Inc.*, 2020 WL 1931282, at *5 (E.D.N.Y. Mar. 11, 2020) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2020

6

WL 1929066 (E.D.N.Y. Apr. 21, 2020). Therefore, for the same reasons discussed above with respect to concluding that plaintiff is jointly employed by defendants under the FLSA, I respectfully recommend that defendants be held jointly and severally liable for any judgment entered in this case under the NYLL. *See id.; see also Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184, 189 (S.D.N.Y. 2003).

**II.     Relief**

A party's default "is not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158 (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). Accordingly, "[i]f the defaulted complaint suffices to establish liability, the court must conduct an inquiry sufficient to establish damages to a 'reasonable certainty.'" *Gunawan*, 897 F. Supp. 2d at 83 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* Fed. R. Civ. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991).

        A.  *Unpaid Wages Due*

"Under both the FLSA and NYLL, an employer is required to maintain records of the wages, hours, and persons employed by him [or her]." *Lu Nan Fan v. Jenny & Richard's Inc.*, 2019 WL 1549033, at *9 (E.D.N.Y. Feb. 22, 2019) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2019 WL 1547256 (E.D.N.Y. Apr. 9, 2019). Where, as here, defaulting defendants fail to produce the requisite records, a plaintiff's sworn declaration "containing information as to hours worked and rates of pay based on estimation and recollection, even if the information provided is general and not detailed, is considered a sufficient basis for the determination of damages in this context." *Nikolaeva v. Home Attendant*

7

*Servs. of Hyde Park*, 2017 WL 3491964, at *3 (E.D.N.Y. July 19, 2017) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2017 WL 3493136 (E.D.N.Y. Aug. 14, 2017); *see also Herrera v. Tri-State Kitchen and Bath, Inc.*, 2015 WL 1529653, at *8 (E.D.N.Y. Mar. 31, 2015). "Nevertheless, the Court must ensure that plaintiff's approximations and estimates are reasonable and appropriate." *Lu Nan Fan*, 2019 WL 1549033, at *9.

Plaintiff has submitted a declaration describing his approximate dates of employment, along with his average hours and wages per week. Martinez Decl. ¶¶ 5, 7, 10, 12. Plaintiff's attorney, Justin Cilenti, Esq., has also submitted a memorandum of law in conjunction with the motion, including a table of damage calculations. *See* Mem. of Law in Supp. of Pl.'s Mot. for Default J. ("Mem. of Law"), Dkt. 15; Table of Damages, Dkt. 14-5. In light of defendants' default, plaintiff's evidence on damages stands uncontroverted, and therefore plaintiff has provided a sufficient basis to determine damages.

### i. Regular Wage

To calculate a plaintiff's minimum wage and overtime compensation, the Court must first determine the plaintiff's regular hourly wage rate. *See*, *e.g.*, *Xin Long Lin v. New Fresca Tortillas, Inc.*, 2019 WL 3716199, at *3 (E.D.N.Y. May 1, 2019), *report and recommendation adopted*, 2019 WL 3714600 (E.D.N.Y. May 28, 2019); *Santillan v. Henao*, 822 F. Supp. 2d 284, 295 (E.D.N.Y. 2011). Under the FLSA, the regular rate is defined "as the hourly rate actually paid the employee for the normal, nonovertime workweek for which he [or she] is employed" and is "drawn from what happens under the employment contract." 29 C.F.R. § 778.108. Because plaintiff was compensated on a weekly basis, the regular hourly rate is calculated by "dividing the salary by the number of hours which the salary is intended to compensate." *Id.* § 778.113(a).

Here, for the week ending on July 15, 2018, plaintiff alleges that he was paid $540.02 for 62 hours of work. *See* Table of Damages. Therefore, his regular rate of pay was $8.71 per hour ($540.02/62 hours) for that week. For the remainder of his employment, plaintiff alleges that he was paid $650 for 75 hours of work per week. *See* Compl. ¶ 28; Martinez Decl. ¶ 12; Table of Damages. Thus, plaintiff's regular rate for the remainder of his employment was $8.67 per hour ($650/75 hours).

<u>ii.     Unpaid Minimum Wages</u>

Both the FLSA and the NYLL mandate that employees be paid at least a minimum hourly rate for every hour that they work. *See* 29 U.S.C. § 206(a); N.Y. Lab. Law § 652(1). "The federal minimum wage does not preempt the state minimum wage, and a plaintiff may recover under whatever statute provides the highest measure of damages." *Wicaksono v. XYZ 48 Corp.*, 2011 WL 2022644, at *3 (S.D.N.Y. May 2, 2011) (internal citation omitted), *report and recommendation adopted*, 2011 WL 2038973 (S.D.N.Y. May 24, 2011); *see also* 29 U.S.C. § 218(a) (providing that "[n]o provision of [the FLSA] shall excuse noncompliance with any Federal or State law . . . establishing a minimum wage higher than the minimum wage established under [the FLSA]").

At all times relevant here, the FLSA required defendants to pay plaintiff a minimum hourly wage of $7.25. *See* 29 U.S.C. § 206(a)(1)(C). The applicable minimum wage under the NYLL for a New York City employer with ten or less employees varied over the relevant time period, from $12.00 per hour on or after December 31, 2017, to $13.50 per hour on or after December 31, 2018. *See* N.Y. Lab. Law § 652(1)(a)(ii); Martinez Decl. § 21 ("Defendants typically employed approximately ten (10) employees at any given time.").

9

Here, plaintiff's regular rate was $8.71 per hour for his first week of employment ending on July 15, 2018, and $8.67 per hour for the remainder of his employment; thus, plaintiff was paid less than the minimum wage rate set by the NYLL for the entirety of his employment with defendants. For the week ending on July 15, 2018, plaintiff was paid $3.29 below the hourly minimum wage rate ($12.00 - $8.71) and is owed $131.60 for the first 40 hours he worked ($3.29 x 40 hours). From the week ending on July 22, 2018, through December 30, 2018, plaintiff was paid $3.33 below the hourly minimum wage rate ($12.00 - $8.67). For this period, he is owed $3,196.80 for the first 40 hours worked in each workweek ($3.33 per hour × 40 hours per week × 24 weeks). From December 31, 2018, through July 7, 2019, plaintiff was paid $4.83 below the hourly minimum wage rate ($13.50 - $8.67), resulting in $5,216.40 in unpaid minimum wages for the first 40 hours worked in each workweek ($4.83 per hour × 40 hours × 27 weeks). Consequently, I respectfully recommend that plaintiff be awarded a sum of $8,544.80 in unpaid minimum wages.[1]

### iii. Unpaid Overtime Compensation

Overtime compensation under the FLSA is 1.5 times the regular rate of pay for each hour worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.110(a). The NYLL incorporates and restates the FLSA's requirements, and so the analysis of overtime claims under the NYLL is generally the same as under the FLSA. *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4; *see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) (noting that the NYLL adopts the FLSA's definition of overtime into the NYLL). "An employee's appropriate overtime rate is calculated by multiplying [an

---

[1] Plaintiff, apparently inaccurately, calculates $8,551.60 as the minimum wages owed. *See* Table of Damages. The Court has not identified the basis for the discrepancy between the Court's calculations and those performed by plaintiff.

10

employee's] regular hourly rate (or the minimum wage rate, if his regular hourly rate falls below the minimum wage) by one and one-half." *Baizan Guerrero*, 2019 WL 4889591, at *8 (internal quotation marks and citation omitted).

Here, plaintiff sufficiently alleges that defendants did not pay him overtime compensation for 22 hours worked for the week ending on July 15, 2018, and 35 hours per week thereafter. *See* Table of Damages; Compl. ¶ 26; Martinez Decl. ¶ 10. For the first week, because plaintiff should have been paid $18 ($12 x 1.5) for each hour worked in excess of 40 hours, plaintiff's overtime deficit per hour is $9.29 ($18 - $8.71). Thus, plaintiff is entitled to $204.38 ($9.29 × 22 hours × 1 week) in overtime compensation for this period. Next, from the week ending on July 22, 2018, through December 30, 2018, plaintiff should have been paid $18 ($12 x 1.5) for each hour worked in excess of 40 hours. Therefore, his overtime deficit per hour is $9.33 ($18 - $8.67), entitling him to $7,837.20 ($9.33 × 35 hours × 24 weeks) in overtime compensation for this period. Finally, from December 31, 2018, through July 7, 2019, plaintiff should have been paid $20.25 ($13.50 x 1.5) for each hour worked in excess of 40 hours. Therefore, his overtime deficit per hour is $11.58 ($20.25 - $8.67), resulting in $10,943.10 ($11.58 × 35 hours × 27 weeks) in unpaid overtime compensation for this period. In sum, I respectfully recommend that plaintiff be awarded a total of $18,984.68 in unpaid overtime wages.[2]

          iv.    Spread-of-Hours Compensation

In New York, employees are entitled to receive "spread-of-hours" pay, which is "one hour's pay at the basic minimum hourly wage rate" for any workday that lasts longer than 10 hours. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4(a). "Only employees making the

---

[2] Plaintiff, apparently inaccurately, calculates $18,990.61 as the overtime wages owed. *See* Table of Damages. The Court has not identified the basis for the discrepancy between the Court's calculations and those performed by plaintiff.

minimum wage rate, or less, are eligible for spread-of-hours compensation." *Hernandez v. Delta Deli Mkt. Inc.*, 2019 WL 643735, at *7 (E.D.N.Y. Feb. 12, 2019).

Here, plaintiff alleges he worked 12.5 hours per day and received less than the prevailing minimum wage during all the time periods at issue. Martinez Decl. ¶ 10. For the first week, plaintiff worked 12.5 hours per day for 5 days, entitling him to one hour of extra pay per day at the prevailing hourly minimum wage of $12.00, for a total of $60 ($12 × 5 days × 1 week) in spread-of-hours compensation. Next, from the week ending on July 22, 2018, through December 30, 2018, plaintiff worked 12.5 hours per day for 6 days each week for 24 weeks, entitling him to one hour of extra pay per day at the prevailing hourly minimum wage of $12.00, for a total of $1,728 ($12 x 6 days x 24 weeks). Finally, from December 31, 2018, through July 7, 2019, plaintiff worked 12.5 hours per day for 6 days each week for 27 weeks, entitling him to one hour of extra pay per day at the prevailing hourly minimum wage of $13.50, for a total of $2,187 ($13.50 x 6 days x 27 weeks). Therefore, I respectfully recommend that plaintiff is owed a total of $3,975 in spread-of-hours compensation.

### B. Statutory Damages under the Wage Theft Prevention Act

Section 195(1)(a) of the NYLL requires employers to provide employees at the time of hiring with a wage notice containing, among other things, the rate of pay, the basis thereof, and the pay schedule. After February 27, 2015, violations of section 195(1) carry damages of $50 per workday, up to a maximum of $5,000. N.Y. Lab. Law § 198(1-b). Furthermore, section 195(3) of the NYLL requires employers to furnish employees with "a statement with every payment of wages, listing information about the rate and basis of pay, any allowances and deductions, and the employer's identity and contact details." *Rojas v. Splendor Landscape Designs Ltd.*, 268 F. Supp. 3d 405, 412 (E.D.N.Y. 2017) (internal quotation marks and citation

omitted). After February 27, 2015, violations of section 195(3) carry damages of $250 per workday, up to a maximum of $5,000. N.Y. Lab. Law § 198(1-d).³

Here, plaintiff alleges that he never received a wage notice or wage statements from defendants at any point throughout the course of his employment. Compl. ¶¶ 23, 29; Martinez Decl. ¶¶ 6, 13. Because plaintiff worked without a wage notice for more than 100 days and without a wage statement for more than 20 days, and these violations occurred after February 27, 2015, I respectfully recommend that plaintiff be awarded the maximum statutory damages of $5,000 under N.Y. Lab. Law § 195(1) and $5,000 under N.Y. Lab. Law § 195(3), for a total of $10,000. *See, e.g., Sarmiento Perez*, 2020 WL 1364908, at *6; *Jianmin Jin v. Shanghai Original, Inc.*, 2019 WL 3244187, at *5 (E.D.N.Y. July 19, 2019).

### C. *Liquidated Damages*

The FLSA and the NYLL both allow for liquidated damages awards equaling 100% of the wages due. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). Under the FLSA, courts may, in their discretion, decline to award liquidated damages where employers "show[] to the satisfaction of the court" that they acted in good faith and reasonably believed they did not violate the FLSA. 29 U.S.C. § 260. Similarly, the NYLL permits a court to decline to award liquidated damages if "the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." N.Y. Lab. Law § 663(1).

Because "there are no meaningful differences" between the FLSA and NYLL liquidated damages provisions, the Second Circuit has interpreted the two statutes "as not allowing

---

³ Prior to February 27, 2015, employees were entitled to recover statutory damages for wage notice violations of $50 per work week, not to exceed $2,500, and for wage statement violations of $100 per work week, not to exceed $2,500. *See Cazarez v. Atl. Farm & Food Inc.*, 2017 WL 3701687, at *6 (E.D.N.Y. May 31, 2017), *report and recommendation adopted*, 2017 WL 3701479 (E.D.N.Y. Aug. 25, 2017).

duplicative liquidated damages for the same course of conduct." *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018). "In light of the principle that the law providing the greatest recovery will govern, [p]laintiff may be awarded liquidated damages pursuant to the NYLL or the FLSA." *Jian Hua Li v. Chang Lung Grp. Inc.*, 2020 WL 1694356, at *14 (E.D.N.Y. Apr. 7, 2020) (internal quotation marks and citation omitted). However, "[l]iquidated damages are not available for violations of the NYLL wage notice and statement provisions." *Id.*; *see* N.Y. Lab. Law § 198(1-a), (1-d).

Here, defendants, having defaulted, have failed to make a showing of good faith. *See, e.g.*, *Lu Nan Fan*, 2019 WL 1549033, at *11. Therefore, plaintiff is entitled to 100% of his damages for minimum wages ($8,544.80), overtime wages ($18,984.68) and spread-of-hours premiums ($3,975) under the NYLL. Accordingly, I respectfully recommend that plaintiff be awarded $31,504.48 in liquidated damages.

### D. Prejudgment Interest

The NYLL provides for prejudgment interest at an interest rate of 9% per annum in addition to liquidated damages. *See* N.Y. Lab. Law § 198(1-a); *Espinoza v. Indus. Glass & Mirror Inc.*, 2016 WL 7650592, at *6 (E.D.N.Y. Nov. 30, 2016), *report and recommendation adopted*, 2017 WL 65828 (E.D.N.Y. Jan. 5, 2017). Courts have discretion in determining a reasonable date from which to award prejudgment interest, such as the "the earliest ascertainable date the cause of action existed," or a reasonable intermediate date if damages were incurred at various times. *Santillan*, 822 F. Supp. 2d at 298 (quoting N.Y. C.P.L.R. § 5001(b)). Because plaintiff was denied adequate wages throughout his employment, the midway point between when plaintiff began and ceased working for defendants is a reasonable intermediate date for purposes of calculating prejudgment interest.

14

Here, plaintiff worked for defendants from July 10, 2018, until July 8, 2019. Martinez Decl. ¶¶ 5, 7. Accordingly, the intermediate date in plaintiff's employment is approximately January 8, 2019. As such, I respectfully recommend that plaintiff be awarded prejudgment interest on $31,504.48, which amounts to $7.77 per diem, from January 8, 2019, through entry of judgment.

### E. Post-judgment Interest

Under 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. . . calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of the judgment." An award of post-judgment interest at the statutorily prescribed rate is mandatory. *See Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008); *see also Fermin*, 93 F. Supp. 3d at 53. Accordingly, although plaintiff did not request post-judgment interest in this motion for default judgment, I respectfully recommend that plaintiff be awarded post-judgment interest, to be calculated from the date the Clerk of Court enters judgment, until the date the judgment is paid.

### F. Attorney's Fees

Plaintiff is entitled to recover reasonable attorney's fees and costs under both the FLSA and NYLL. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). "The party seeking reimbursement of attorney's fees bears the burden of proving the reasonableness and the necessity of the hours spent and rates charged." *Fermin*, 93 F. Supp. 3d at 51; *see generally N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Well-established Second Circuit doctrine requires that a fee application be supported by "contemporaneous time records" that "specify, for each attorney, the date, the hours expended,

15

and the nature of the work done." *Carey*, 711 F.2d at 1148. "Failure to do so results in denial of the motion for fees." *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992); *see also Scott v. City of New York*, 626 F.3d 130, 133–34 (2d Cir. 2010). District courts have broad discretion in determining the reasonableness of an attorney's requested fees. *See Chocolatl v. Rendezvous Cafe, Inc.*, 2019 WL 5694104, at *14 (E.D.N.Y. Aug. 16, 2019), *report and recommendation adopted*, 2020 WL 1270891 (E.D.N.Y. Mar. 17, 2020).

Courts awarding attorney's fees calculate a "presumptively reasonable fee" by taking the product of the hours reasonably expended and a reasonable hourly rate. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008).[4] In addition, courts consider case-specific variables such as

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

          i.      <u>Reasonable Hourly Rates</u>

A reasonable hourly rate reflects "what a reasonable, paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184. This rate should be based on rates "prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." *Cruz v. Local Union No. 3 of IBEW*, 34 F.3d 1148, 1159 (2d Cir. 1994) (quoting

---

[4] The "presumptively reasonable fee" is historically known as the "lodestar." *Arbor Hill*, 522 F.3d at 183.

*Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "Determination of the prevailing market rates may be based on evidence presented or a judge's own knowledge of hourly rates charged in the community." *Elvey v. Silver's Crust W. Indian Rest. & Grill, Inc.*, 2019 WL 3937126, at *14 (E.D.N.Y. July 3, 2019) (citing *Farbotko v. Clinton Cty. of N.Y.*, 433 F.3d 204, 209 (2d Cir. 2005)). "The 'community' is generally considered the district where the district court sits." *Id.* (citing *Lochren v. Cty. of Suffolk*, 344 F. App'x 706, 708 (2d Cir. 2009)).

In this case, "the reasonable rate should reflect the rates awarded in FLSA cases in this district, not cases involving other fee-shifting statutes." *Encalada v. Baybridge Enters. Ltd.*, 2014 WL 4374495, at *1 (E.D.N.Y. Sept. 2, 2014), *aff'd*, 612 F. App'x 54 (2d Cir. 2015). Courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff in FLSA cases. *See, e.g.*, *Rodriguez v. Yayo Rest. Corp.*, 2019 WL 4482032, at *8 (E.D.N.Y. Aug. 23, 2019), *report and recommendation adopted*, 2019 WL 4468054 (E.D.N.Y. Sept. 18, 2019); *Elvey*, 2019 WL 3937126, at *15; *Hernandez*, 2019 WL 643735, at *10; *Cohetero v. Stone & Tile, Inc.,* 2018 WL 565717, at *4 (E.D.N.Y. Jan. 25, 2018).

Here, Mr. Cilenti, a member of Cilenti & Cooper, PLLC, requests an hourly rate of $400. *See* Invoice, Dkt. 14-6. As set forth in his declaration, Mr. Cilenti has been admitted to practice law since 1997 and has "personally handled over 500 wage and hour cases." Decl. of Justin Cilenti ("Cilenti Decl.") ¶ 13, Dkt. 14. Furthermore, his requested rate has previously been approved as reasonable in other FLSA matters in this district. *See*, *e.g.*, *Mizhquiri v. New Today's Laundromat, Inc., et al.*, 14-CV-1715, Order dated May 25, 2017, at 7–9, Dkt. 57. Finally, "[t]he nature of the work performed in this matter was relatively straightforward,

particularly since the defendants defaulted, and no novel or complex issues were raised by plaintiff." *Rosas v. Subsational*, 2012 WL 4891595, at *10 (E.D.N.Y. Sept. 11, 2012) (awarding Mr. Cilenti a fee of $350 per hour in 2012), *report and recommendation adopted sub nom. Rosas v. SBS 1310 Corp.*, 2012 WL 4866678 (E.D.N.Y. Oct. 15, 2012). For these reasons, I respectfully recommend compensating Mr. Cilenti at $400 per hour.

Plaintiff's motion also requests fees for services by paralegals Tatiana Cevallos and Marcela Cardoso at the hourly rate of $100. *See* Invoice. No further information is provided by plaintiff regarding these two individuals. Their hourly rates are on the high end of the rates ordinarily awarded to paralegals and other support staff in FLSA cases. *See Burns v. Nurnberger Corp.*, 2018 WL 5927575, at *12 (E.D.N.Y. Sept. 17, 2018) (holding that paralegals typically receive an hourly rate of $75 in this district for FLSA cases involving the default of the defendants), *report and recommendation adopted sub nom. Burns v. Kelly Enters. of Staten Island, LLC*, 2018 WL 5928106 (E.D.N.Y. Nov. 13, 2018); *Fermin*, 93 F. Supp. 3d at 52. Therefore, and because this matter was straightforward, I respectfully recommend reducing the hourly rate for the paralegals to $75.

ii.     Reasonable Numbers of Hours

The next step in awarding attorney's fees is determining the reasonableness of the number of hours expended by counsel. In reviewing a fee application, the court should exclude "excessive, redundant, or otherwise unnecessary" hours. *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The court should examine each entry "with a view to the value of the work product of the specific expenditures to the client's case." *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997). If the court finds "that some of the time was not reasonably necessary . . . it should reduce the time for which

compensation is awarded accordingly." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 111 (2d Cir. 2012). Furthermore, block-billing and vague descriptions make it difficult to determine the reasonableness of the time spent on particular tasks and warrant a reduction in attorney's fees. *See Linde v. Arab Bank, PLC*, 293 F.R.D. 138, 142–43 (E.D.N.Y. 2013). A percentage reduction is "a practical means of trimming fat from a fee application" and is a permissible way of reducing a fee award. *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (internal quotation marks and citations omitted).

Here, the contemporaneous billing records show that Mr. Cilenti billed 26.1 hours and the paralegals billed 2.6 hours, for a total of 28.7 hours. The amount of time spent strikes the Court as somewhat generous in light of the routine nature of plaintiff's claim and the likelihood that plaintiff's counsel has filed numerous similar default judgment motions. Accordingly, I recommend reducing the claimed billable hours by an across-the-board percentage of 10%.

Therefore, the reasonable fee is calculated as follows:

| Provider Type | Presumptive Maximum Rate | Requested Rates | Approved Rates | Requested Hours | Approved Hours | Lodestar |
|---|---|---|---|---|---|---|
| Paralegal | $70–$100 | $100 | $75 | 2.6 | 2.34 | $175.50 |
| Member/Partner | $300–$450 | $400 | $400 | 26.1 | 23.49 | $9,396 |
| **TOTAL SUM** | | | | 28.7 | 25.83 | **$9,571.50** |

        iii.    Costs

A party awarded attorney's fees is also entitled to compensation for "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (internal quotation marks and citation omitted). Plaintiff seeks to recover costs of $400 for the filing fee, $206 for service of process,

19

and $26.50 for photocopies, for a total amount of $632.50.  *See* Invoice at 3.  I find these costs to be reasonable and respectfully recommend that plaintiff be awarded $632.50 in costs.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the Court: (1) grant plaintiff's motion for a default judgment against defendants, jointly and severally; (2) award plaintiff damages totaling $73,008.96, consisting of $8,544.80 in unpaid minimum wages, $18,984.68 in unpaid overtime compensation, $3,975 in spread-of-hours compensation, $10,000 in statutory damages, and $31,504.48 in liquidated damages; (3) award plaintiff pre-judgment interest on $31,504.48 of that amount at the rate of 9% per year from January 8, 2019, until the date final judgment is entered; (4) award plaintiff post-judgment interest at the statutorily prescribed rate from the date judgment is entered until the judgment is paid; and (5) award plaintiff $9,571.50 in attorney's fees and $632.50 in costs.

Any objections to the recommendations made in this Report must be submitted within fourteen days after filing of the Report and, in any event, no later than September 2, 2020.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Proc. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit).  Plaintiff is hereby directed to serve copies of this Report and Recommendation upon defendants at their last known addresses, and to file proof of service with the Court.

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
August 19, 2020

U:\#JAV 2019-2020\Martinez v. New 168 Supermarket, 19-CV-4526\Final R&R.docx