UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JOAQUIN MARTINEZ, on behalf of himself
and others similarly situated,

                        Plaintiff,

       -against-                                  NOT FOR PUBLICATION
                                                **MEMORANDUM & ORDER**
                                                19-CV-4526 (CBA) (SMG)

NEW 168 SUPERMARKET LLC, DAVID
ZHENG, and CHANG LING,

                        Defendants.
--------------------------------------------------------x
**AMON, United States District Judge:**

       Plaintiff Joaquin Martinez brought an action against New 168 Supermarket, David Zheng, and Chang Ling (collectively, "Defendants") on August 6, 2019 (ECF Docket Entry ("D.E.") # 1 ("Complaint")) alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the New York Labor Law. He sought monetary relief for unpaid minimum and overtime wages, spread-of-hours pay, statutory damages, liquidated damages, pre- and post-judgment interest, and attorney's fees.

       Defendants failed to answer the Compliant or otherwise appear. Upon Plaintiff's application, and, considering Defendants' failure to appear in or otherwise defend this action, the Clerk of the Court noted Defendants' default. (D.E. # 10.) Plaintiff then moved for entry of a default judgment against Defendants. (D.E # 12.) I referred that motion to the Honorable Steven M. Gold for report and recommendation ("R&R"). (D.E. dated 02/26/20.)

       Magistrate Judge Gold issued a thorough and well-reasoned R&R recommending that the Court: (1) grant plaintiff's motion for a default judgment against Defendants, jointly and severally;

1

(2) award Plaintiff damages totaling $73,008.96, consisting of $8,544.80 in unpaid minimum wages, $18,984.68 in unpaid overtime compensation, $3,975 in spread-of-hours compensation, $10,000 in statutory damages, and $31,504.48 in liquidated damages; (3) award Plaintiff pre-judgment interest on $31,504.48 of that amount at the rate of 9% per year from January 8, 2019, until the date final judgment is entered; (4) award Plaintiff post-judgment interest at the statutorily prescribed rate from the date judgment is entered until the judgment is paid; and (5) award Plaintiff $9,571.50 in attorney's fees and $632.50 in costs. (D.E. # 18.)

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

I have reviewed the record and, finding no clear error, I adopt the R&R as the opinion of the Court. Accordingly, I grant Plaintiff's motion for default judgment.

    SO ORDERED.

Dated: September 3, 2020
       Brooklyn, New York                /s/ Carol Bagley Amon
                                           Carol Bagley Amon
                                           United States District Judge